UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WALTER JOHNSON,** | No. LA CV 13-07189-VBF-SH |
| **Petitioner,** | OPINION AND ORDER |
| v. | Denying Petitioner's Rule 59(e) Motion to Alter or Amend Judgment; |
| W.L. MONTGOMERY (Warden), | |
| Respondent. | Denying a Certificate of Appealability |

This habeas corpus action was closed and on appeal, but California state prisoner Walter Johnson ("petitioner") filed a timely motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59.[1] The Court determines that it has jurisdiction to decide this motion notwithstanding petitioner's earlier-filed notices of appeal to the United States Court of Appeals

---

[1] The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (2011). "However, there are two rules that, in substance, govern any such motion": Rule 59(e) for motions to alter or amend judgment filed within 28 days of entry of judgment, and Rule 60(b) motions for relief from judgment, which must be filed "within a reasonable time" and for certain grounds, within a year from entry of judgment. *See Leftridge v. Matthews*, 2013 WL 5604666, *1 (D. Md. Oct. 10, 2013) (Hollander, J.), *aff'd*, 565 F. App'x 231 (4th Cir. 2014). "Typically, so long as a post-judgment motion styled as a 'motion for reconsideration'" or the like "is filed within the 28-day window under Rule 59(e), it is treated as a Rule 59(e) motion." *Leftridge*, 2013 WL 5604666 at *1 (citing *Katyle*, 637 F.3d at 470 n.4).

1

for the Ninth Circuit ("the Ninth Circuit"). The Court will deny petitioner's reconsideration motion for lack of merit and decline to issue a certificate of appealability.

PROCEDURAL HISTORY. Proceeding *pro se*, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254 on September 27, 2013. *See* Case Management / Electronic Case Filing System Document ("Doc") #1. The case was referred to the Honorable Stephen Hillman, United States Magistrate Judge, who issued orders on October 4, 2013 (Docs 5-7) denying petitioner's motion for a stay and abeyance, denying petitioner's motion for appointment of counsel, and directing the respondent warden to file an answer or other suitable response to the habeas petition. The respondent filed an "initial answer" on October 24, 2013 (Doc 8), and after extensions of time, respondent filed a Return and a supporting memorandum of points and authorities (Doc 20) and relevant documents (Doc 21) on March 21, 2014. With an extension, petitioner filed a traverse (Doc 26) on May 19, 2014.

On September 5, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the habeas petition be denied. With an extension (Doc 31), petitioner timely objected to the R&R on October 20, 2014 (Doc 32). On October 27, 2014 the undersigned issued an Order overruling the objections, adopting the R&R, denying the habeas petition, and dismissing the action with prejudice (Doc 35); entered final judgment in favor of respondent (Doc 36); and issued an Order denying petitioner's application for a certificate of appealability but granting him *in forma pauperis* status on appeal (Doc 37).

Petitioner's First Notice of Appeal. On October 20, 2014, after the Magistrate Judge issued the R&R but before this Court issued its order adopting the R&R and entering judgment, petitioner filed a first notice of appeal to the Ninth Circuit (Doc 33). *See also* Doc 38 (Circuit Notification Re: Oct. 20, 2014 Notice of Appeal in No. 14-56712). On December 2, 2014, a panel of the Ninth Circuit (Judges Goodwin, Rawlinson, and Ikuta) issued an order dismissing this first appeal for lack of jurisdiction "because the order challenged in the appeal is not final or appealable." Doc #42 (citing *Serine v. Peterson*, 989 F.2d 371, 372-73 (9th Cir. 1993) (a magistrate judge's findings and recommendations are not appealable, and a premature appeal from

an R&R is not cured by the district court's subsequent entry of final judgment)) (citing, *inter alia*, *In re San Vicente Medical Partners, Ltd.*, 865 F.2d 1128 (9th Cir. 1989))).

Petitioner's Second Notice of Appeal. On November 10, 2014, two weeks after this Court entered final judgment, petitioner filed a second notice of appeal to the Ninth Circuit (Doc 39). *See also* Doc 41 (Circuit Notification Re: Nov. 10, 2014 Second Notice of Appeal, No. 14-56818). This second appeal remains pending before the Ninth Circuit, which as of today is considering whether or not to issue a certificate of appealability. *See* Doc 42 (Dec. 2, 2014 Circuit Notification Re: Oct. 20, 2014 First Notice of Appeal in No. 14-56712) ("Appellant's appeal from the district court's final judgment entered on October 27, 2014 is proceeding in this court as a request for a certificate of appealability in docket number 14-56818.").

On Monday, November 17, 2014, the Clerk's Office of this Court filed petitioner's "motion to alter or amend a judgment" (motion for reconsideration), which petitioner dated "11-12-2014." At the time petitioner filed his reconsideration motion, he already had two notices of appeal pending with the Ninth Circuit in this case. Four weeks have elapsed since petitioner filed his reconsideration motion, and respondent has not filed a response. Accordingly, the Court will proceed to rule on petitioner's motion without waiting further for a response from respondent.

THIS COURT HAS JURISDICTION TO ENTERTAIN PETITIONER'S MOTION.

The Supreme Court has stated that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59, 103 S. Ct. 400 (1982) (per curiam); *see also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 1331 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.") (citing *Griggs*, 459 U.S. at 58); *see, e.g., Hobson v. Safeway, Inc.*, 551 F. App'x 331, 331 (9th Cir. 2013) (Goodwin, Wallace, Graber) (holding that district court properly determined that it lacked

jurisdiction to consider plaintiff's motion for leave to amend complaint because plaintiff filed that motion after filing a notice of appeal); *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 F. App'x 670, 671 (9th Cir. 2012) (C.J. Kozinski, Trott, Wardlaw) (the filing of a notice of appeal divested the district court of jurisdiction to entertain a later-filed motion to intervene).

Nonetheless, "in order to prevent unnecessary appellate review," the Federal Rules of Appellate Procedure give "the district court . . . express authority to entertain a timely motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59, even after a notice of appeal ha[s] been filed." *Griggs*, 459 U.S. at 59, 103 S. Ct. at 402. The Supreme Court in *Griggs* was referring to Federal Rule of Appellate Procedure 4(a) ("Appeal as of Right – When Taken; Appeal in a Civil Case"). That Rule provides in pertinent part as follows:

**(4)     Effect of a Motion on a Notice of Appeal.**

(A)   If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

\* \* \*

(iv)    to alter or amend the judgment under Rule 59;

\* \* \*

(B)   ( I ) If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

\* \* \*

Fed. R. App. P. 4(a)(4)(A) and (B). As Fed. R. App. P. 4(a)(4)(A) makes clear, petitioner may

avail himself of this provision only if his motion to alter or amend judgment was timely. *Accord Vaqueria Tres Monjitas, Inc. v. Comas-Pagan*, No. 14-1132, – F.3d –, 2014 WL 6765769, *2 (1st Cir. Dec. 2, 2014) ("The thirty-day limitations period is tolled if a party files a Rule 59(e) motion seeking to alter or amend the judgment. Fed. R. App. P. 4(a)(4)(A)(iv). In this scenario, the limitations period only begins to run after the district court enters an order disposing of the motion. *If, however, the Rule 59(e) motion itself is untimely, this court will not toll the appeals limitations period.*") (citing *Feinstein v. Moses*, 951 F.2d 16, 18 (1st Cir. 1991)) (emphasis added); *Rishor v. Ferguson*, 2014 WL 6862506, *5 (W.D. Wash. Dec. 3, 2014) ("Because *a timely filed* motion for reconsideration tolls the time for appeal, and thus effectively suspends the finality of the judgment for that period, . . . .") (emphasis added).

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) "must be filed no later than twenty-eight days after the entry of the judgment." As defined by Federal Rule of Appellate Procedure 4(a)(7)(A)(ii), this Court entered final judgment on October 27, 2014. Petitioner dated his Rule 59 motion November 12, 2014, and the Clerk of our Court filed that motion on November 17, 2014, only twenty-one days after the entry of final judgment.

Because petitioner was still incarcerated when he filed the motion, he is entitled to benefit from the prison mailbox rule. Under that rule, a *pro se* prisoner's document is deemed to be filed "'at the time . . . it is delivered to the prison authorities for forwarding to the court clerk.'" *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (quoting *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379 (1988)) (internal alterations and brackets omitted). The earliest petitioner could have delivered his motion to prison authorities for mailing was the date he signed it according to his own account (Wednesday, November 12, 2014), and the latest he could have submitted the motion to prison authorities for mailing was Sunday, November 16, 2014 (the day before the Clerk of this Court filed it).

Accordingly, petitioner's Rule 59(e) motion to alter or amend judgment was filed no more than 21 days after the entry of judgment by any reckoning, and his motion is timely. Because petitioner's Rule 59(e) motion was timely, Federal Rule of Appellate Procedure 4(a)(4)(B) subsection one provides that petitioner's earlier-filed notices of appeal do not become effective

1  until this Court issues an order ruling on the instant Rule 59(e) motion. *See Miller v. Marriott
2  Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("The district court declined to rule on the Rule
3  60(b) motions under the mistaken impression that it did not have jurisdiction once the Millers filed
4  notices of appeal. Under Rule 4(a)(4)(A), the Millers' Rule 60(b) motions prevented the Millers'
5  notices of appeal from becoming effective until the district court rules on the merits of those
6  motions."). **Therefore, although petitioner filed his Rule 59 motion to alter or amend**
7  **judgment after he filed his notices of appeal to the Ninth Circuit, this Court has jurisdiction**
8  **to consider the motion.**

10  PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT LACKS MERIT.
11  "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly
12  discovered evidence, (2) the district court committed clear error or made an initial decision that
13  was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v.*
14  *McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d
15  734, 737 (9th Cir. 2001)), *cert. denied*, – U.S. –, 133 S. Ct. 424 (2012). Petitioner Johnson shows
16  none of these bases for reconsideration; he does not claim to have newly discovered evidence, and
17  he does not point to any intervening change in controlling law, so the Court considers only
18  whether petitioner has shown that the undersigned committed clear error or made a decision that
19  was manifestly unjust.

21  First, petitioner states that his motion is based on "a defect in the integrity of the federal
22  habeas proceeding when (1) the district court made a manifest error of fact; and (2) failed to make
23  de novo determination of those portions of the magistrate's report to which objections was [sic]
24  made." Motion at unnumbered page 2. Petitioner asserts that this Court "committed manifest
25  error of fact when the court misstated the facts in regard to which grounds were rejected by the
26  [California] Court of Appeals [sic] and which grounds were rejected in a summary habeas denial
27  by the California Supreme Court." Motion at unnumbered page 3. Because this Court did
28  consider petitioner's objections to the R&R and did conduct a de novo review of the portions of

6

the R&R to which petitioner specifically objected, the Court rejects his conclusory assertion that an alleged failure to conduct such review warrants reconsideration of the order adopting the R&R and denying his habeas claims for lack of merit.

Petitioner then expresses disagreement with the Magistrate's conclusion (adopted by the undersigned) that there was no substantial evidence in the trial record "to support the requested *perfect* self-defense and the no-retreat rule." Motion at unnumbered page 4. But petitioner fails to identify any United States Supreme Court holding which he believes the state court violated in rejecting this claim. Specifically, petitioner asserts that a criminal defendant's "testimony alone is sufficient to constitute substantial evidence warranting jury instructions on self-defense, contradicted or not, even if it is in direct conflict with the prosecution's evidence, even if dubious in the eyes of the trial court or district court." *Id.* But he cites no authority in support of this proposition, let alone Supreme Court authority. That is fatal to his suggestion that reconsideration is warranted on this claim: on a claim governed by 28 U.S.C. section 2254, this Court may not grant habeas relief due to "AEDPA legal error" unless the petitioner shows that the state court contradicted or unreasonably applied some U.S. Supreme Court holding.

Petitioner next asserts that reconsideration is warranted because "the imperfect self-defense instructions were incomplete because the trial court refused to instruct on the no[-]retreat rule with respect to imperfect self-defense" and because "the instructions on imperfect self-defense were constitutionally insufficient in three particulars, which separately and/or cumulatively resulted in a denial of due process." Motion at unnumbered page 4. Specifically, petitioner asserts that it was error to hold that a California jury instruction on imperfect self-defense "is not available 'if the defendant by his unlawful or wrongful conduct created the circumstances which legally justified his adversary's use of force, attack or pursuit.'" Motion at unnumbered pages 4-5. But petitioner's reconsideration motion cites no California case law to support his view on when the jury may or must be instructed on imperfect self-defense. More significant, petitioner cites no U.S. Supreme Court holding which he believes *required* the state trial court to deliver his desired imperfect self-

7

defense instruction as a matter of his federal constitutional right to due process of law and a fair trial. Petitioner merely asserts in conclusory fashion that he "showed the courts it was Benton not petitioner who set in motion the chain of events that led to the shooting." Motion at unnumbered page 5. Petitioner concludes this section by asserting that the instructional error(s) at trial "created a substantial risk of misleading the jury" and that is was "reasonably probable that one or more of the jurors believed this complained-of portion of CALJIC 5.17 precluded them from even considering imperfect self-defense." *See* Motion at unnumbered page 5. Petitioner has failed to show a basis for reconsideration of the Court's order adopting the R&R's disposition of this instructional-error / due process argument.

Finally, under the section of his reconsideration motion labeled "III", petitioner Johnson merely writes this sentence, without any analysis or citation to authority: "Ineffective assistance of counsel for failing to object to multiple instances off [sic] the court [sic] errors, which violated petitioner[']s 6th Amendment right to effective assistance of counsel." Motion at unnumbered page 5. This fragment obviously fails to show a basis for reconsideration.

<u>PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY</u>

Unless a circuit judge or district judge issues a certificate of appealability ("COA"), "an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253(c)(1)(A).[2][3] The requirement to obtain a COA also applies to orders denying reconsideration of an order which denied or dismissed a habeas petition. *See United States v.*

---

[2] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and 9th Cir. R. 22-1(f) (appellees "need not respond to any uncertified issues").

[3] "There is an exception not applicable here: 'a COA is not required to appeal an order denying a motion for federally appointed counsel.'" *Fisher v. Barrios*, 2014 WL 1512186, *4 n.8 (C.D. Cal. Apr. 15, 2014) (quoting *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009)).

*Parada*, 555 F. App'x 763, 765 (10th Cir. 2014) (holding that AEDPA "requires a petitioner to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding, *including a motion for reconsideration under Rule 59(e)*") (emphasis added) (citing *United States v. Cobb*, 307 F. App'x 143, 144-45 (10th Cir. 2009) and 28 U.S.C. § 2253(c)(1)(B)); *accord United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("Because Lambros's Rule 59(e) motion, . . . , sought ultimately to resurrect the denial of his earlier § 2255 motion, we hold that a certificate of appealability is required for the present appeal.").[4]

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Vega v. US*, 2014 WL 3385168, *8 (E.D. Cal. July 10, 2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that while this Court has jurisdiction over petitioner Johnson's reconsideration motion, he has not shown a basis for altering or amending the judgment under Rule 59(e). Thus, petitioner's motion is not "adequate to deserve encouragement to proceed further", *Barefoot v. Estelle*, 463 U.S. 880, 893

---

[4]*See, e.g., Williams v. Thaler*, 602 F.3d 291, 295 (5th Cir. 2010) ("Williams appeals the district court's denial of a [COA] on his Federal Rule of Civil Procedure 59(e) motion . . . ; and his Federal Rule of Civil Procedure 60(b) motion for relief from judgment, . . . . * * * We . . . affirm the district court's denial of a COA on Williams's two motions."); *Mackey v. Warden*, 525 F. App'x 357, 360 (6th Cir.) ("[T]he federal district court granted a certificate of appealability regarding the federal habeas statute of limitations . . . , Mackey's Rule 59(e) motion, and [another issue].") (per curiam), *cert. denied*, – U.S. –, 134 S. Ct. 438 (2013); *Siebert v. Campbell*, 334 F.3d 1018, 1021 n.3 (11th Cir. 2003) (noting the district court's "grant of a certificate of appealability as to both its Rule 59 order and the underlying habeas dismissal"); *Roccisano v. Menifee*, 293 F.3d 51, 55-56 (2d Cir. 2002) ("The district court . . . eventually granted a certificate of appealability permitting Roccisano to appeal the denial of his Rule 59(e) motion.").

n.4, 103 S. Ct. 3383, 3385 n.4 (1983)., and the Court will deny a certificate of appealability.

### ORDER

Petitioner's Rule 59 motion to alter or amend judgment **is DENIED.**

The Court **DECLINES** to issue a certificate of appealability authorizing petitioner to appeal this Order. He may still seek a certificate of appealability from the U.S. Court of Appeals.

If petitioner wishes to appeal this Order, he must file an amended notice of appeal with the U.S. Court of Appeals for the Ninth Circuit[5] within thirty days from the date of this Order.[6]

DATED: December 15, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
Senior United States District Judge

---

[5] Fed. R. App. P. 4(a)(4)(B)(ii) provides, "A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), . . . must file a notice of appeal, or an amended notice of appeal – in compliance with Rule 3©) – within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."

*See, e.g.,* citing Fed. R. App. P. 4(a)(4)(B)(ii): *In re Harper*, No. 12-56936, – F. App'x –, 2014 WL 6807389, *1 (9th Cir. Dec. 4, 2014) (Leavy, Fisher, N.R. Smith) ("We lack jurisdiction to consider the district court's order denying Harper's . . . motion for reconsideration because Harper failed to file an amended or separate notice of appeal.") (also citing *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007)); *Wiggin v. Robideau*, No. 13-36115, – F. App'x –, 2014 WL 5013659, *1 (9th Cir. Oct. 8, 2014) (W. Fletcher, Rawlinson, Christen) ("We do not consider the district court's postjudgment order denying Wiggin's motion for reconsideration because Wiggin did not file a new or amended notice of appeal from that order.").

*Accord Dukes v. NYC Employees' Ret. Sys.*, 581 F. App'x 81, 81 n.1 (2d Cir. 2014) ("Dukes cannot challenge the district court's order denying reconsideration because she filed her only notice of appeal before the district court denied reconsideration, and she did not amend her notice of appeal to encompass that denial.") (citing Fed. R. App. P. 4(a)(4)(B)(ii)).

[6] *Accord Rogers v. City of Warren*, 302 F. App'x 371, 374-75 (6th Cir. 2008) (Richard Allen Griffin, J.) (determining that the thirty days Fed. R. App. P. 4(a)(1)(A) afforded plaintiff to file a notice of appeal, started with district court's denial of plaintiff's post-judgment motion for reconsideration) (citing, *inter alia*, *United States v. Ibarra*, 502 U.S. 1, 7, 112 S. Ct. 4 (1991)).